```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

NOVA BENEFIT PLANS, LLC,           :
et al.,                            :
   Plaintiffs,                     :
                                   :
     v.                            : Civil No. 3:13cv572 (AVC)
                                   :
UNITED STATES OF AMERICA           :
acting through COMMISSIONER        :
OF INTERNAL REVENUE,               :
   Defendant.                      :

## RULING ON THE DEFENDANTS' MOTION TO DISMISS

This is an action for declaratory judgment in connection with a federal tax penalty. It is brought pursuant to the Declaratory Judgment Act[1] and 28 U.S.C. § 1331 as well as common law tenets concerning tax penalties.

The defendant has filed the within motion to dismiss all counts (one through five) of the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted.

The issues are: (1) whether the Anti-Injunction Act[2] and the federal tax exception to the Declaratory Judgment Act bar litigation over a § 6708 tax penalty outside of the context of a refund suit; (2) whether the claims brought by Benistar Admin and Benistar 419 are barred by the doctrine of *res judicata*; and (3)

---

[1] 28 U.S.C. § 2201(a).
[2] 26 U.S.C. § 7421.

whether this is the correct forum for the plaintiffs to seek the return of their property pursuant to § 41(g) of the Federal Rules of Criminal Procedure.

The court concludes that the Anti-Injunction Act and the federal tax exception to the Declaratory Judgment Act do in fact bar this action and, therefore, the court does not reach the remaining issues.

For the reasons that hereinafter follow, the motion to dismiss is GRANTED with respect to counts one through five of the complaint.

## **FACTS**

The complaint alleges that:

The defendant, the United States of America acting through the Commissioner of Internal Revenue, assessed a tax penalty under § 6708 of the Internal Revenue Code[3] against four of the plaintiffs, Daniel E. Carpenter, Benistar 419 Plan Services, Inc., Benistar Admin Services Inc. ("BASI"), and Benistar Employer Services Trust Corp. ("BESTCO"). The defendant also threatened to assess the § 6708 penalty against the remaining plaintiffs, Nova Benefit Plans, LLC as sponsor of the Grist Mill Trust, the Sickness, Accident, Disability, and Indemnity Trust, the Life One Plan and Trust, and the Five Plan and Trust (hereinafter collectively, "Nova Benefit").

---

[3] 26 U.S.C. § 6708.

The § 6708 penalty enforces § 6112 of the IRC,[4] which requires material advisors[5] to maintain a list of investors in potentially abusive tax shelters or reportable transactions[6] and to make that list available to the IRS on its written request within 20 business days after the date of the request. The penalty for failure to comply is $10,000 per day after the 20th day.

On August 10, 2009, an Internal Revenue Agent sent letters to the Benistar entities assessing the following penalties: $740,000 against Carpenter, $1,120,000 against BASI, $740,000 against BESTCO, and 1,120,000 against Benistar 419 Plan Services. These penalties were with respect to the 2002 tax year.

On April 20, 2010, IRS Criminal Investigation Division agents seized approximately 400 boxes of documents and other property from an office building located at 100 Grist Mill Road, Simsbury, Connecticut. The search was conducted pursuant to a

---

[4] 26 U.S.C. § 6112.
[5] A material advisor is "any person – (i) who provides any material aid, assistance, or advice with respect to organizing, managing, promoting, selling, implementing, or carrying out any reportable transaction, and (ii) who directly or indirectly derives gross income in excess of the threshold amount (or such other amount as may be prescribed by the Secretary) for such aid, assistance, or advice." 26 U.S.C. § 6111(b)(1).
[6] A "reportable transaction" is any transaction with respect to which information is required to be included with a return or statement because, as determined under regulations prescribed under § 6011, such transaction is of a type which the Secretary determines as having a potential for tax avoidance or evasion." 26 U.S.C. § 6707A(c)(1).

warrant, which did not specifically name all of the plaintiffs. Of the seized boxes, approximately 100 belonged to the Nova Benefit entities. No legal proceedings have been initiated against the plaintiffs based upon the seized documents and only a portion of the documents has been returned.

On July 8, 2010, Benistar sent a letter to the IRS, formally protesting the assessment of the § 6708 penalties. On or about August 12, 2010, the IRS imposed liens on the property of each of the Benistar entities' properties in the amount of the penalties assessed against each. On March 31, 2011, BASI commenced an action seeking a determination that it was not a "material advisor" and therefore the penalty against it should be abated. The court concluded that for the years commencing in February 2003 and after, BASI was not a material advisor. However, the tax penalty at issue in this case was imposed on the 2002 tax year. On or about May 28, 2012, the IRS impounded Carpenter's tax refund to partially offset the § 6708 penalty.

On June 14, 2011, the IRS sent Nova Benefit a letter seeking to assess § 6708 penalties, proposing that Nova Benefit was a "material advisor" with respect to reportable transactions. On July 20, 2011, Nova Benefit responded by letter, challenging the penalties. On June 12, 2012, the IRS sent a second letter seeking the penalties. On June 28, 2012, Nova Benefit responded again. On March 11, 2013, the IRS sent a final letter. On April

3, 2013, Nova Benefit responded. During this correspondence, the IRS did not identify a specific tax year or period.

## STANDARD

A court must grant a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) where a plaintiff has failed to establish subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); Makarova v. United States, 201 F.3d 110 (2d Cir. 2000). Dismissal for lack of subject matter jurisdiction under rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova, 201 F.3d at 113. "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Moodie v. Federal Reserve Bank of N.Y., 58 F.3d 879, 882 (2d Cir. 1995) (recognizing that "[d]efects in subject matter jurisdiction cannot be waived and may be raised at any time during the proceedings."). Once subject matter jurisdiction is challenged, "a plaintiff . . . has the burden of proving by a preponderance of the evidence that it exists." Makarova, 201 F.3d at 113. In analyzing a motion to dismiss pursuant to rule 12(b)(1), the court must accept all well pleaded factual allegations as true and must draw inferences in favor of the plaintiff. Merritt v. Shuttle, Inc., 245 F.3d 182, 186 (2d Cir. 2001). Where a defendant challenges the district court's subject matter jurisdiction, the court may resolve disputed

5

factual issues by reference to evidence outside the pleadings, such as affidavits.

## DISCUSSION

The defendant first argues that: "the Anti-Injunction Act, 26 U.S.C. § 7421(a) . . . prohibit[s] declaratory judgments against the United States with respect to federal tax matters, and require[s] that such disputes be resolved in refund suits in accordance with 26 U.S.C. § 7422 and other applicable law," and "although the Declaratory Judgment Act allows federal courts to issue declaratory judgments in certain matters, the language in the statute, 'except with respect to federal taxes,' specifically carves out matters relating to federal taxes from its scope." Specifically, it argues that: "district courts lack jurisdiction to issue declaratory judgment with respect to federal tax matters, including all suits that restrain the assessment or collection of any tax."

The plaintiffs respond that: "this case involves solely a penalty filed against Plaintiff for failure to maintain a list under Section 6708 of the Code [and] [t]here is no tax liability linked to such failure, nor is there any assessment of tax against the Plaintiff." Specifically, it argues that: "[a]s this penalty has nothing to do with taxes or the collection or assessment thereof, the Defendant's attempt to characterize it as

6

a 'tax debt' is misleading, disingenuous, and without any basis in the law."

The court concludes that the § 6708 penalty is sufficiently related to the assessment and collection of income tax to bar this suit pursuant to the Anti-Injunction Act and the Declaratory Judgment Act's exception.

In general, suits seeking declaratory judgment relating to the Internal Revenue Code fall under the combined ambit of the Declaratory Judgment Act and the Anti-Injunction Act. The Declaratory Judgment Act provides that any court in the United States has authority to declare rights or other legal relations of interested parties "except with respect to Federal taxes." 28 U.S.C. § 2201(a). The Anti-Injunction Act, subject to exceptions not relevant here, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." 26 U.S.C. § 7421(a). The issue here is whether the plaintiffs' challenge of the § 6708 penalty interferes with the assessment or collection of any tax so as to bar this court's jurisdiction over the matter.

"If [the plaintiffs' claim] call(s) in question a specific provision of the Internal Revenue Code, or . . . a ruling or regulation issued under the Code, the claim would clearly come under the general bars to jurisdiction and declaratory relief. . . ." McCarthy v. Marshall, 723 F.2d 1034, 1037 (1st Cir. 1983).

7

See Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 7 (1962) (explaining that the purpose of the Anti-Injunction Act is "to protect and collect taxes alleged to be due without judicial intervention and to require that the legal right to the disputed sums be determined in a suit for refund"); Morelli v. Alexander, 920 F. Supp. 556, 559 (S.D.N.Y. 1996)(emphasizing the need for the government to collect and assess taxes "as expeditiously as possible with a minimum of pre-enforcement judicial interference"). Conversely, if jurisdiction otherwise is established and the claims concern essentially nontax matters, then dismissal would be inappropriate if it were solely based on "some collateral tax repercussions" resulting from a decision on the merits. McCarthy, 723 F.2d at 1037.

However, the Anti-Injunction Act has been broadly construed to include "not only assessment and collection itself, but is equally applicable to activities which are intended to or may culminate in the assessment or collection of taxes." United States v. Dema, 544 F.2d 1373, 1376 (7th Cir. 1976); Linn v. Chivatero, 714 F.2d 1278, 1282 (5th Cir. 1983). See e.g., Weiner v. I.R.S., 986 F.2d 12, 13 (2d Cir. 1993)(finding that a taxpayer suit for an apology or explanation of errors was barred by the Anti-Injunction Act); Morelli, 920 F. Supp. at 559 (finding that the Anti-Injunction Act barred judicial preenforcement review of a Notice of Intent to Levy).

8

Further, an "effort to enforce the technical requirements of the tax laws . . . cannot [be said to be] . . . unrelated to the protection of . . . revenues." Bob Jones University v. Simon, 416 U.S. 725, 740 (1974). The purpose of the § 6708 penalty is to enforce the requirement that material advisors maintain a list of clients pursuant to § 6112. A challenge to this enforcement provision would impede the IRS's ability to identify tax shelter participants, consequently restraining the assessment of taxes that may be owed by those participants.

In addition, the Supreme Court explicitly stated that "[p]enalties in subchapter 68B [of the I.R.C.] are . . . treated as taxes under Title 26, which includes the Anti-Injunction Act." Nat'l Fed'n of Indep. Bus. v. Sebelius, 132 S. Ct. 2566, 2583 (2012). The 6708 penalty is in subchapter 68B and is thus treated as a tax with respect to the Anti-Injunction Act. As such, no case may be brought against it outside the context of a refund suit.

Because the court concludes that the plaintiffs' challenge of the § 6708 penalty sufficiently impacts the assessment and collection of federal taxes, the plaintiffs' claims for relief violate the Anti-Injunction Act and the Declaratory Judgment Act

exception.[7]  Thus, the defendant's motion to dismiss counts one through five is GRANTED.

## **CONCLUSION**

For the foregoing reasons, the motion to dismiss counts one through five (document no. 38) is GRANTED.

It is so ordered, this 18TH day of March, 2014, at Hartford, Connecticut.

```
      /s/
Alfred V. Covello,
United States District Judge
```

---

[7] Specifically, the first three counts of the complaint require determinations with respect to the plaintiffs' compliance with three provisions of subchapter 68B of the Internal Revenue Code: §§ 6111, 6112, and 6708.  The fifth count of the complaint challenges a notice of a federal tax lien, which clearly implicates the assessment and collection of taxes.  While the fourth count alleges a due process violation, it is inseparable from the § 6708 tax penalty claims.